NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 27, 2021
Decided May 27, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-1899

| | |
|---|---|
| DEANA COYIER, | Appeal from the |
| *Plaintiff-Appellant,* | United States District Court for the |
| | Western District of Wisconsin. |
| *v.* | |
| | No. 19-cv-393-bbc |
| ANDREW M. SAUL, | |
| Commissioner of Social Security, | Barbara B. Crabb, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Deana Coyier appealed the denial of her application for Social Security disability benefits. She argues that the administrative law judge failed to assess the reliability of the vocational expert's estimate of suitable jobs available for her in the national economy. The ALJ gave Coyier's counsel an opportunity to develop his argument about the reliability of the estimates in a posthearing brief and held the record open specifically for that purpose. Counsel submitted nothing. Counsel's failure to avail himself of the opportunity to develop an argument about the expert's estimates is a waiver, so we affirm.

In 2017 Coyier, then 38, applied for benefits, asserting that she could no longer work because of several psychological conditions that make it difficult for her to interact with people and cope with change.[1]  Coyier has been in and out of therapy throughout her adult life. She has been treated for suicidal ideations, self-harm, debilitating panic attacks, aggression, and social phobia, and takes numerous psychotropic and anxiolytic medications. The Social Security Administration denied Coyier's claims initially and on reconsideration.

At an August 2018 hearing, a vocational expert ("VE") testified that someone with Coyier's education and impairments would be capable of medium-exertion work and that a significant number of suitable jobs existed in the national economy, including industrial cleaner (469,000 jobs), laundry laborer (79,600 jobs), and stuffer (42,800 jobs). 20 C.F.R. § 404.1566(b). Coyier objected generally to the VE's methodology for calculating the number of available jobs, known as the "equal distribution method," which assumes that all job titles within a particular job group listed in the Dictionary of Occupational Titles exist in equal numbers in the national economy. In support Coyier cited our decision in *Chavez v. Berryhill*, 895 F.3d 962, 970 (7th Cir. 2018)—published two weeks before the hearing—and asserted that according to *Chavez*, the equal-distribution method "does not necessarily qualify as a recognized or appropriate source of [job] numbers." The ALJ deferred ruling on the objection, invited supplemental briefing, and offered to hold a second hearing. She kept the record open for an additional week, but Coyier's attorney did not submit anything further.

In September the ALJ ruled that Coyier was not disabled. Applying the five-step analysis set forth in 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), the ALJ determined that Coyier had not worked within the claim period (step one); that her psychological impairments were severe (step two) but did not presumptively establish a disability (step three); and that she retained the residual functional capacity to perform work at all exertional levels with limitations on task complexity and social contact (step four). For the fifth and decisive step, the ALJ relied on the VE's testimony and determined that Coyier could perform the work of industrial cleaner, laundry laborer, or stuffer, and that hundreds of thousands of these jobs exist in the national economy. The ALJ also concluded that *Chavez* had not invalidated the equal-distribution method and that the VE's job numbers were both "reliable" and "uncontested by any specific objections."

---

[1]  She also cited several physical conditions but they are not relevant to her appeal.

The Appeals Council denied Coyier's request for review, so she sought judicial review. Coyier does not dispute the ALJ's determination that she has the residual functional capacity to perform a full range of work at all exertional levels if she is limited to occasional interactions with workplace supervisors and the general public. She argues only that the ALJ "made no attempt to determine the basis for the [VE's] numbers or the reliability of the numbers." The district court affirmed the ALJ's decision and concluded that the ALJ properly relied on the VE's testimony about job numbers, which Coyier's "blanket objection" and limited cross-examination had not called into question.

On appeal Coyier argues that at step five a claimant needs to object only to some aspect of the expert's method used to arrive at his job-number estimate to trigger the ALJ's duty to ensure the reliability of the VE's methodology. She claims that the ALJ erred by not scrutinizing the VE's methodology. However, Coyier waived any challenge to the VE's testimony by failing to ask any questions to reveal shortcomings in the job-number estimates or to submit a supplemental brief on the issue despite assuring the court prior to and at the hearing that he would do so. These omissions effectively conceded the reliability of the VE's job numbers. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1156–57 (2019); *see also Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002) ("When no one questions the [VE's] foundation or reasoning, an ALJ is entitled to accept the [VE's] conclusion … .").

In *Chavez* the claimant made repeated objections to the VE's job-number estimates and "asked the VE how he had arrived at [those] figures." 895 F.3d at 966; *see also Brace v. Saul*, 970 F.3d 818, 820–21 (7th Cir. 2020) (The claimant objected to the VE's job numbers based on *Alaura v. Colvin*, 797 F.3d 503, 507–08 (7th Cir. 2015), and then "asked the [VE] to explain his methodology."). Here, in contrast, Coyier's counsel made no additional arguments beyond the general objection and asked no specific questions of the VE concerning the job-number estimates. Because counsel failed to develop an argument or question the VE any further about his methodology, the ALJ was entitled to rely on the job-number estimates. *Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir. 2004).

We note for completeness that *Chavez* did not enjoin the use of the equal-distribution method and created "no new obligations" at step five; the substantial-evidence standard still governs. 895 F.3d at 970. Based on that standard, which "is not high," *Biestek*, 139 S. Ct. at 1154, the ALJ was entitled to accept an expert's testimony that was uncontradicted and "otherwise proper," *Liskowitz v. Astrue*, 559 F.3d 736, 745–

46 (7th Cir. 2009); *see Surprise v. Saul*, 968 F.3d 658, 662 (7th Cir. 2020) (explaining that an ALJ may properly accept a VE's uncontradicted testimony absent obvious internal conflicts).

AFFIRMED